

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 11, 1975

The Honorable Bevington Reed
Commissioner, Coordinating Board
Texas College and University System
P. O. Box 12788
Austin, Texas   78711

Opinion No. H-749

Re: Availability of certain
information regarding
college students to the
Department of Public Safety
and to a group health
insurance carrier.

Dear Dr. Reed:

You have requested our decision regarding the availability of
certain student and faculty records.  Specifically, you ask:

> (1)  Does the Texas Department of Public Safety
> have right of access to student and faculty
> campus vehicular registration information, and
>
> (2)  Does the student health insurance carrier, under
> contractual agreement to a junior college district,
> have the right to obtain those records which directly
> pertain to a student's eligibility to claim benefits
> of the insurance policy?

Although faculty vehicle registration information is arguably not
subject to compelled public disclosure under section 3(a)(2) of the Open
Records Act, article 6252-17a, V.T.C.S., which excepts "information in
personnel files, the disclosure of which would constitute a clearly un-
warranted invasion of personal privacy," we need not decide that question
here, since you inquire only whether the university may furnish this
information to the Department of Public Safety.  In Attorney General
Opinion H-242 (1974), we held that the Open Records Act does not prohibit
the transfer between State agencies of information which is not required
to be disclosed to the public.  In Attorney General Opinion H-287 (1974),
we noted that the Legislature has "[o]n many occasions. . . expressed a
policy favoring interagency cooperation. . . ."  Thus, we believe that
faculty vehicle registration information may be disclosed to the Depart-
ment of Public Safety.

As to student vehicle registration information, it is at least arguable that such information qualifies as a "student record" to which the exception of section 3(a)(14) is applicable. In any case, it is our opinion that, whether or not student vehicle registration information need be disclosed to the public, it may be disclosed to the Department of Public Safety without violating any principle of pre-1975 Texas law. See Attorney General Opinions H-287 (1974), H-242 (1974).

We must also determine, however, whether the Department of Public Safety has access to this information under the 1974 amendments to the Family Educational & Privacy Rights Act (the Buckley Amendment), 20 U.S.C. § 1232g.

Subsection (b)(1) of the Buckley Amendment prohibits the dispersal of federal funds

> to any educational agency or institution which
> has a policy or practice of permitting the
> release of education records (or personally
> identifiable information contained therein
> other than directory information, as defined
> in paragraph (5) of subsection (a) of this
> section) of students

without their consent to any individual, agency or organization, with certain enumerated exceptions. Another portion of the statute indicates, however, that the scope of "education records" does not include

> the records and documents of such law enforce-
> ment unit which (I) are kept apart from records
> described in subparagraph (A), (II) are maintained
> solely for law enforcement purposes, and (III) are
> not made available to persons other than law enforce-
> ment officials of the same jurisdiction ['if the
> personnel of a law enforcement unit do not have
> access to education records under subsection (b)(1)
> of this section.']  20 U.S.C. 1232g(a)(4)(B)(ii)

Thus, if a student's vehicle registration information is in fact maintained separately from his other educational records, and if it is in fact maintained "solely for law enforcement purposes" by persons in the employ of the university who do not have access to the student's other records, it is our opinion that the university's law enforcement arm may under such circumstances, without jeopardizing the receipt of federal funds, furnish this information to "law enforcement officials of the same jurisdiction," which would include the Department of Public Safety. Of course, the factual questions involving the maintenance of the records must be determined in each case.

Your second question is whether the university may furnish to a student health insurance carrier those records which directly pertain to a student's eligibility to claim the benefits of the insurance policy. Since you have not specified the precise type of information requested by the insurance carrier, we must presume that it falls into the category of "student records" which is excepted from required disclosure by section 3(a)(14) of the Open Records Act. That section provides, however, that the "records shall be made available upon request of . . . the student involved. . . ." The proper procedure would therefore seem to be to require each student who desires health insurance coverage to give his written consent to the furnishing of pertinent information to the carrier.

A similar procedure would probably also satisfy the funding require- ments of federal law. The Open Records Act now takes cognizance of the federal statute:

> Nothing in this Act shall be construed to require the release of information contained in education records of any educational agency or institution except in conformity with the provisions of the Family Educational Rights & Privacy Act of 1974. . . . Acts 1975, 64th Leg., ch. 314, p. 809.

See Open Records Decision No. 96 (1975). As to that portion of the information which may be classified as "directory information" under section (a)(5)(A) of the Buckley Amendment, the institution is required to notify the student of its intent to release the information, after which the student is permitted a reasonable period of time to object to its release. 20 U.S.C. § 1232g(a)(5)(B). As to all other information, the institution must affirmatively obtain the written consent of the student before it may release the information. As a result, it is our opinion that an institution which makes health insurance coverage available to its students should, at the time a student makes applica- tion for coverage, obtain his written consent to providing the insurance carrier with all relevant information.

### S U M M A R Y

In general, the Texas Department of Public Safety has access to student and faculty campus vehicular registration information. An educational institu- tion which makes available to its student health

insurance carrier those records which directly
pertain to a student's eligibility to claim the
benefits of the insurance policy should, at the
time the student makes application for coverage,
obtain his written consent to release of the
pertinent information.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb